**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 11-2066

TAMMIE LIBBY,

Plaintiff, Appellant,

v.

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

---

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

---

Sarah H. Bohr, Bohr & Harrington, LLC, Francis M. Jackson and Jackson & MacNichol on brief for appellant.
Timothy A. Landry, Special Assistant U.S. Attorney and Thomas E. Delahanty II, United States Attorney, on brief for appellee.

---

April 5, 2012

---

**Per Curiam**.  After carefully considering the briefs and record on appeal, we _affirm_ the denial of disability benefits.

The appellant argues that the ALJ committed two errors in finding that she did not satisfy the mental retardation listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C). First, she claims that she was not required to prove that she had deficits in adaptive functioning in addition to proving that she satisfied the IQ criteria of subparagraph C before age 22. Secondly, she claims that substantial evidence did not support the ALJ's finding concerning deficits in adaptive functioning.

We review the interpretation of the listing _de novo_ and factual findings for substantial evidence. 42 U.S.C. § 405(g); Nguyen v. Chater, 172 F.3d 31 (1st. Cir. 1999). The appellant had the burden of proving that she satisfied the listing. Dudley v. Sec'y of Health & Human Serv., 816 F.2d 792 (1st Cir. 1987).

To satisfy the listing, the appellant had to establish that she had deficits in adaptive functioning manifest before age twenty-two, as well as that she satisfied the IQ criteria of subparagraph C. The listing contains two parts: (1) an introductory paragraph that describes mental retardation in terms of subaverage intellectual functioning and deficits in adaptive functioning manifest before age 22; and (2) subparagraphs specifying the required level of severity. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. The general introduction to the Mental Disorders listings

provides that satisfying the listing requires satisfying both the diagnostic description in the introductory paragraph and the criteria of a subparagraph. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(A). *See also* 20 C.F.R. § 404.1525(c)(3); Randall v. Astrue, 570 F.3d 651 (5th Cir. 2009).

Substantial evidence supported the ALJ's finding that the appellant failed to show that she had the requisite deficits in adaptive functioning. The psychologist's reports differed. The ALJ could reasonably discount the diagnosis of retardation because it was not supported by appropriate findings of adaptive deficits, and it was not corroborated by other professional opinion or other reports in the record. 20 C.F.R. § 404.1527 (d)(3) & (4). Resolving the conflict was the ALJ's prerogative. Rodriguez v Sec'y of Health & Human Servs., 647 F.2d 218 (1st Cir. 1981). The appellant does not show that the record rationally required a contrary result. Bath Iron Works Corp. v. Dept. of Labor, 336 F.3d 51 (1st Cir. 2003).

Affirmed. 1st Cir. Loc. R. 27.0(c).